Shaughnessy v. State of NH                05-CV-149-SM  10/24/05

UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


John J. Shaughnessy,

     v.                                    Civil No. 05-cv-149-SM
                                           Opinion No. 2005 DNH 147
Donald P. Bliss and
The State of New Hampshire,


                         **O R D E R**


     John Shaughnessy has sued Donald Bliss and the State of New

Hampshire for alleged violation of his federal rights.  42 U.S.C.

§ 1983.  Of the causes of action suggested in his complaint,[1] all

but one – a due process claim – are facially without merit.

Plaintiff asserts that his due process rights were violated by

the manner in which he was discharged from his public employment

and, in particular, by defendants' failure to utilize the full

multi-step disciplinary process described in the State of New

Hampshire's personnel rules.

_____

     [1] Rather than setting out individual claims, count by count,
the complaint weaves together various bits and pieces of federal
and state statutory and common law.

The facts alleged in the complaint do not support a claim for violation of plaintiff's right to due process. Under the circumstances alleged by plaintiff, he "was entitled to the constitutional minimum of 'some kind of hearing' and 'some pretermination opportunity to respond.'" O'Neill v. Baker, 210 F.3d 41, 47 (1st Cir. 2000) (quoting Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985)) (footnote omitted). More specifically, "[t]he pre-termination process 'need only include oral or written notice of the charges, an explanation of the employer's evidence, and an opportunity for the employee to tell his side of the story." O'Neill, 210 F.3d at 48 (quoting Gilbert v. Homar, 520 U.S. 924, 929 (1997)).

Defendant Bliss's April 29, 2002, memorandum to plaintiff (attached to the complaint) and the April 30, 2002, meeting between Bliss and plaintiff (as described in paragraphs 27 and 28 of the complaint) meet the requirement described in O'Neill. The April 29 memorandum informed plaintiff that the charges against him were based upon an e-mail he sent to Kevin Merli on April 26, 2002. At the meeting, plaintiff was informed that he was being charged with insubordination, and he presented his side of the

2

story. Because the complaint and the documents annexed thereto demonstrate that plaintiff was afforded all the pretermination process to which he was entitled, it does not state a claim for deprivation of his federal constitutional right to due process.

For the reasons given, and those argued in defendants' motion to dismiss, the motion (document no. 3) is granted. The clerk of the court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

Steven J. McAuliffe
Chief Judge

October 24, 2005

cc: John J. Shaughnessy, pro se
    Nancy J. Smith, Esq.

3